IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA D. MANESS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner, Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-06-82-L |

## REPORT AND RECOMMENDATION

Plaintiff Barbara Maness seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse the SSA's decision and remand for further proceedings.[1]

I.  BACKGROUND

Ms. Maness applied for disability insurance benefits based in part on carpal tunnel syndrome. Administrative Record at p. 80 (certified Feb. 28, 2006) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 28-29, 37-39, 41-43. A hearing took place,[2] and an administrative law judge found that Ms. Maness was not disabled

---

[1]  The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Jan. 25, 2006).

[2]  *See* Rec. at pp. 498-539.

in light of her ability to perform her past relevant work as an insurance secretary.[3]  The Appeals Council declined jurisdiction,[4] and the present action followed.  Ms. Maness alleges:

- failure to include limitations from carpal tunnel syndrome in the residual functional capacity ("RFC"), and

- error in the evaluation of her past relevant work.

Plaintiff's Brief of Her Statement of Position with Authorities at p. 2 (May 15, 2006) ("Plaintiff's Brief").

II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  If the SSA's decision is based on an incorrect legal standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

---

[3]   Rec. at pp. 16, 21.

[4]   Rec. at pp. 6-10.

III.     THE PLAINTIFF'S RFC

In part, Ms. Maness alleges a failure to include hand limitations in her RFC.[5] Plaintiff's Brief at pp. 2-5.  She is correct.

At step four, the administrative law judge must evaluate the claimant's physical RFC. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  The evaluation must include specific findings on the RFC and an explanation of how the administrative law judge had analyzed the evidence and resolved inconsistencies or ambiguities.  *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 5, 7 (July 2, 1996).

The administrative law judge stated that Ms. Maness had the RFC to "occasionally lift and/or carry 10 pounds and frequently lift and/or carry 5 pounds; stand and/or walk 2 hours during an 8-hour workday and for 30 minutes at one time; sit 6 hours during an 8-hour workday and for 1 hour at one time."  Rec. at p. 18.  But even after finding at step two that Ms. Maness suffered from severe carpal tunnel syndrome, the judge failed to include any hand limitations at step four.  The omission constitutes error.[6]

---

[5] Ms. Maness also criticizes the credibility findings and the alleged failure to assess the RFC "on a full-time, sustained basis."  Plaintiff's Brief at pp. 7, 10.  The Court need not address these issues in light of the necessity of a remand on other grounds.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

[6] *See Baker v. Barnhart*, 84 Fed. Appx. 10, 13-14 (10th Cir. Dec. 10, 2003) (unpublished op.) (reversing because the administrative law judge had "disregarded claimant's allegations of pain in making his RFC assessment, even though he found her chronic back pain to be a severe impairment at step two"); *accord Lechner v. Barnhart*, 321 F. Supp. 2d 1015, 1036 (E.D. Wisc. 2004) ("It is true, as plaintiff notes, that an [administrative law judge] cannot find a mental impairment severe

According to the Defendant, the administrative law judge did not need to include hand limitations in the RFC because he had concluded that the carpal tunnel syndrome was resolved with surgery. *See* Brief in Support of the Commissioner's Decision at p. 4 (June 7, 2006). However, this argument:

- is incompatible with the administrative law judge's step two conclusion that Ms. Maness' carpal tunnel syndrome had "significantly limit[ed] [her] physical . . . ability to do basic work activities,"[7] and

- ignores the judge's responsibility to consider all impairments in the remaining steps of the sequential analysis.[8]

According to the Dictionary of Occupational Titles, the secretarial position requires "frequent" handling and fingering. Dictionary of Occupational Titles § 201.362-030 (4th ed. revised).[9] Thus, reversible error occurred when the administrative law judge failed to consider hand limitations in the RFC.[10]

---

and then fail to include any limitations based on the impairment in the RFC determination." (citation omitted)); *Spears v. Barnhart*, 284 F. Supp. 2d 477, 483-84 (S.D. Tex. 2002) (holding that the administrative law judge erred through the failure to include depression in the RFC findings after an acknowledgment at step two that the condition had involved a severe impairment).

[7]   Rec. at p. 17.

[8]   *See* 20 C.F.R. § 404.1523.

[9]   The SSA takes administrative notice of the Dictionary of Occupational Titles. *See* 20 C.F.R. § 404.1566(d)(1).

[10]   *See Cox v. Apfel,* 166 F.3d 346, 1998 WL 864118 (10th Cir. Dec. 14, 1998) (unpublished op.) (reversing for failure to assess manipulative limitations when the plaintiff presented evidence that he had been diagnosed with carpal tunnel syndrome and had complained of numbness and tingling in his hands); *Henry v. Barnhart*, Case No. CIV-04-243-F, slip op. at 5-6, 11 (W.D. Okla. Sept. 30, 2004) (unpublished report and recommendation by magistrate judge) (reversing based on the failure to assess manipulative limitations in light of evidence involving surgery for carpal tunnel syndrome and evidence of numbness and tingling in the hands), *adopted* (W.D. Okla. Oct. 25, 2004)

IV.     THE PLAINTIFF'S PAST RELEVANT WORK

Ms. Maness also challenges the administrative law judge's failure to make specific findings regarding the demands of her past relevant work. Plaintiff's Brief at pp. 5-11. The Plaintiff is also entitled to reversal on this issue.

After evaluating a claimant's RFC, the administrative law judge must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, Westlaw op. at 3 (1982). Then, the judge must make specific and detailed findings concerning the physical and mental demands of the past jobs. *See id.*, 1982 WL 31386, Westlaw op. at 4. Ms. Maness suggests that the administrative law judge had failed at both stages.

The Plaintiff is partially correct. The judge did obtain adequate information about the past work,[11] but failed to make the necessary findings. Instead, the judge simply identified

---

(unpublished order by district judge).

[11]     The administrative law judge acquired factual information about Ms. Maness' past work through the claimant and a vocational expert. The Plaintiff's information was obtained through written questionnaires. There Ms. Maness listed:

- how much she had lifted and carried and how far, and

- the number of hours spent every day walking, standing, sitting, climbing, stooping, kneeling, crouching, crawling, handling or grasping large objects, and writing or handling small objects.

Rec. at pp. 81, 96-98. The vocational expert added that this appraisal would have enabled Ms. Maness to perform a sedentary, semiskilled job. *Id.* at p. 533. Together, the Plaintiff's written information and the vocational expert's testimony satisfied the administrative law judge's duty to

the past job and acknowledged testimony that it could be performed by someone with the Plaintiff's RFC. Rec. at pp. 20-21. The administrative law judge did not identify any of the demands of Ms. Maness' past relevant work, and the omission was fatal.[12]

## V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is August 18, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[13]

---

obtain information about the past work. *See Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996) (the administrative law judge may rely on evidence provided by a vocational expert at step four regarding the demands of the claimant's past relevant work); *Chappell v. Chater*, 99 F.3d 1149, 1996 WL 597796, Westlaw op. at 2 (10th Cir. Oct. 18, 1996) (unpublished op.) (noting that the administrative law judge can elicit information about the demands of the past relevant work from various sources, including the plaintiff and a vocational expert).

[12]   *See Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996) ("while the [administrative law judge] may rely on information supplied by the [vocational expert] at step four, the [administrative law judge] himself must make the required findings on the record"); Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, Westlaw op. at 4 (1982) ("In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain . . . [a] finding of fact as to the physical and mental demands of the past job/occupation.").

[13]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of July, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge